**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-v-**　　　　　　　　　　　　　　　　　　　　　　　**05-CR-321**

**BRYAN WYATT,**

           **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Defendant was convicted upon his guilty plea of one count of conspiracy to possess with intent to distribute and distribution of cocaine base. At the time of sentencing, the Court found Defendant to have a base offense level of 27, with a criminal history category of 2. Based on the quantity of drugs at issue, Defendant was subject to a 120 month statutory mandatory minimum. The Court granted the government's motion pursuant to 18 U.S.C. § 3553(e) and sentenced Defendant to a term of 63 months. Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G. § 2D1.1(c); Def. Motion (dkt. # 478).

1

Because Defendant's original sentence was a non-Guidelines sentence[1] resulting from a departure from the statutory minimum pursuant to 18 U.S.C. § 3553(e), Defendant is not eligible for a reduced sentence.  See United States v. Williams, 551 F.3d 182 (2d Cir. 2009).  The retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence (not the statutory sentence), offers Defendant no help.  Williams, 551 F.3d at 185; United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008).  The statutory mandatory minimum subsumed and displaced the otherwise applicable guideline range.  Williams, 551 F.3d at 185.  "Once the mandatory minimum applied, [Defendant's] sentence was no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Id.  The Guidelines sentence - either before or after application of the crack cocaine sentencing amendment - is still the statutory mandatory minimum.  Inasmuch as the Guidelines sentence would not be changed by the retroactive crack sentencing amendment, the exclusion set forth at U.S.S.G. § 1B1.10(a)(2)(B) ("[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range") applies.  Id.  Accordingly, "[a]  reduction in the defendant's term of imprisonment is not consistent with [the applicable]  policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a)(2)(emphasis added); see also Williams, 551 F.3d 182; Johnson, 517 F.3d at 1024.

Although the statutory mandatory minimum was excused in this case because a government motion was made under 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1, the

---

[1] As noted above, the Court had to apply the statutory mandatory minimum in place of the Guidelines calculation.

ultimate sentence was not a Guidelines sentence, but rather a statutory sentence authorized by 18 U.S.C. § 3553(e).  See  18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); Williams, 551 F.3d at 186-76.  While the sentence "shall be imposed *in accordance with* the guidelines and policy statements issued by the Sentencing Commission," id. (emphasis added), the Guidelines sentence is set at the statutory mandatory minimum by operation of U.S.S.G. § 5G1.1(b).  See United States v. Richardson, 521 F.3d 149 (2d Cir. 2008).  Because Defendant was sentenced based on the statutory minimum, he is ineligible for a sentence reduction.

For the foregoing reasons, Defendant's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED**

DATED:February 19, 2009

Thomas J. McAvoy
Senior, U.S. District Judge